# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA IZQUIERDO, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>MULTI COLOR CORPORATION, an Ohio Corporation, WS PACKAGING GROUP, INC., a California Corporation, and DOES 1-20, inclusive,<br><br>    Defendants. | Case No. 8:24-cv-00937-JWH-DFM<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Plaintiff Cynthia Izquierdo initially filed this action in Orange County Superior Court.[1] On May 1, 2023, Defendant WS Packaging Group, Inc. removed this case to this Court pursuant the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d)(2), 1441, and 1453.[2]

As an initial matter in every case, the Court must ensure that it possesses subject matter jurisdiction. District courts have original jurisdiction over class actions in which:

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). The party invoking the Court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The issue here is the diversity-of-citizenship requirement. Izquierdo is a California citizen.[3] Though the Notice of Removal states that WS Packaging is a citizen of Wisconsin and Illinois—and not of California[4]—the case caption described WS Packaging as "a California Corporation." No party has filed its

---

[1] Notice of Removal [ECF No. 1].
[2] *See generally id.*
[3] *Id.* at ¶ 17.
[4] *Id.* at ¶ 15.

Disclosure Statement under Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, so the Court cannot determine whether the parties are actually diverse.

In view of the Court's concerns that it lacks subject matter jurisdiction over the instant action, the Court concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing that removal was both substantively proper under 28 U.S.C. § 1332 and procedurally correct under 28 U.S.C. § 1446.

Therefore, on its own motion, the Court hereby **ORDERS** as follows:

1. All parties are **DIRECTED** to file, no later than June 14, 2024, her or its respective Rule 7.1(a)(2) Disclosure Statements, as well as simultaneous supplemental memoranda (including supporting evidence, to the extent necessary) explaining whether this Court has subject matter jurisdiction over the instant action.

2. An in-person hearing on this Order to Show Cause is **SET** for June 28, 2024, at 11:00 a.m. in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

3. The Scheduling Conference is **CONTINUED** to June 28, 2024, at 11:00 a.m.

**IT IS SO ORDERED.**

Dated: May 29, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE